### HARDY *versus* AMOS SPROWLE.

It is a general principle, that a chattel cannot be replevied from one part owner by another part owner.

Personal property belonging to tenants in common, and attached as the property of one of them, may, upon the application of the other, be delivered by the officer to him, after an appraisal had and bond given, as prescribed in R. S. c. 114, § 65 and 66.

*It seems,* that *after a delivery* to the applicant, he may replevy the property even from his co-tenant, if it be taken or detained by him.

But *Held,* that though the appraisal has been had, and the bond given, yet the *delivery,* to authorize such a replevin, must have been, not merely a formal, but an actual one, giving to the applicant the *actual custody* of the property.

Until *such* a delivery, the bond given by the applicant, has not become operative.

REPLEVIN for the schooner Tamerlane, her tackel and apparel.

The evidence was submitted to the court for the ascertainment of the facts of the case, and for a judicial decision thereupon. To show what the facts were found to be, reference is made to the decision.

*Hubbard,* for the plaintiff.

The defendant was the mere servant of the officer, and as such removable at his pleasure; and after removal could have no rightful possession of the property. If he persisted in

keeping it, after a demand, the officer might maintain an action against him for it. 21 Pick. 318 ; 3 Fairf. 328.

The plaintiff after the property had been appraised, and he had given his bond, and after the officer had delivered the property to him, succeeded to all the rights, which the officer had before the delivery, and became entitled to all the officer's remedies to enforce his rights.

After the delivery, the *officer* certainly could not replevy the property, because the bond in his hands had been substituted for it, and all his rights in it were at an end. The right of action was, therefore, with the plaintiff.

*Kelley,* for the defendant.

WELLS, J. — The plaintiff is owner of five-eighths of the schooner Tamerlane. The defendant, on the 4th of March, 1846, sold one half of the schooner to John W. Sprowle, and took back a mortgage of the same, to secure the payment of the note given for the price. The note was payable in six months. By the terms of the mortgage, the condition was broken upon a failure to pay the note at its maturity. If the mortgager neglects to redeem the property within sixty days after the breach of the condition, the title of the mortgagee, by our statute, becomes absolute.

The defendant does not now claim to have owned more than three-eighths of the schooner, at the time he sold one half to John W. Sprowle, and his interest under the mortgage must be limited to the same extent. The parties are therefore the owners of the schooner as tenants in common, and the general principle of law is, that one tenant in common of a chattel cannot maintain replevin against another tenant, because each one is entitled to the possession.

But the defendant, on the 8th of January, 1847, after his title under the mortgage had become absolute, by a suit commenced in his own name against John W. Sprowle, on a note other than that secured by the mortgage, caused an attachment to be made of three-eighths of the schooner, thus attaching his own property.

The plaintiff, by virtue of the statute, c. 114, § 65 and 66, procured an appraisal of the schooner, and gave to the attaching officer a bond, and entitled himself as part owner to have it delivered to him, if John W. Sprowle was also to be deemed a part owner When the property was attached, the officer put it into the possession of the defendant as his keeper, and on the 15th day of March, 1847, the same day when the bond was given, the officer, in the presence of the defendant, who was then discharged as keeper, delivered it, as is stated, to the plaintiff. But the defendant refused to permit the plaintiff to take it, and declared, that neither the plaintiff nor any other person should take it out of his possession, and that he had a mortgage on it, and had taken possession under the same ; and within thirty days after judgment in the action against John W. Sprowle, as appears by the report of the evidence, the defendant delivered the execution to the officer, and directed him to demand the property attached, and he did so, and it was delivered to him, and he advertised the same for sale on the execution, but did not sell it, and it was afterwards sold by the defendant.

It is not expressly stated of whom the officer made the demand, but as it appears, that the schooner remained in the possession of the defendant, we understand; the demand was made on him, and that the officer had not in fact delivered the property to the plaintiff in such manner as to give him the control of it, but had allowed it to remain with the defendant.

If it were conceded, that the defendant by causing the three-eighths of the schooner to be attached as the property of John W. Sprowle, when it was his own, by that act admitted John W. Sprowle to be a part owner, so as to bring the transaction thus far within the provisions of the statute, still the plaintiff cannot claim the property under the statute, until the officer has put him into the actual possession and control of it. A merely formal delivery is not sufficient. The actual custody of it should have been given by the officer to the plaintiff. But instead of that, the officer leaves it with the

defendant, and afterwards takes it from him and advertises it for sale. Under such circumstances, the bond taken by the officer did not become operative, and no action could be maintained upon it, because he had not entitled himself to retain it, by doing substantially what the statute required.

If he should have dispossessed the defendant, and delivered the property to the plaintiff, but has not done it effectually, the plaintiff's remedy is on him, to recover such damages, as may have arisen from a failure to discharge his official duty. But the plaintiff's right to the entire control of the property, under the statute, was not perfected. He may have done enough, to have authorized the officer to have removed the property from the custody of the defendant, and delivered it to him, but the officer did not so act. All, that is required by the statute to confer exclusive possession on the plaintiff, has not been done, and he has not acquired under it a right to maintain replevin against another part owner.

Whether the defendant would be precluded by attaching his own property, from showing it was his own and the attachment thereby void, and that John W. Sprowle was not in reality a part owner, it becomes unnecessary to decide.

According to the agreement of the parties a nonsuit must be entered.